[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution action was brought to the court on April 27, 1999. Pendente lite orders were entered for child support and day care costs on June 15, 1999 and for visitation on July 16, 1999. Initially the plaintiff was represented by counsel. At trial, however, she represented herself pro se. The case was tried to the court on April 25, 2000.
The court has listened to and observed the witnesses and reviewed all the exhibits in the case. The court has also considered the criteria set forth in Connecticut General Statutes §§ 46b-56, 46b-62, 46b-81, 46b-82, and 46b-84 in reaching the decisions reflected in the orders that follow herein. The court has also considered the claims of each party.
The court finds the facts which follow. The parties were married on December 24, 1988 in St. Croix, the Virgin Islands. Neither of the parties has received financial aid from the state or any town or municipality. They have two children issue of the marriage: Alphonso, Jr., born December 17, 1989 and Angelique, born August 24, 1996. The parties have resided in the state of Connecticut for at least one year prior to the bringing of the complaint. The court has jurisdiction to decide this matter.
Both parties are in good health. The plaintiff wife attended college for one year and the defendant husband completed high school. Both parties are employed by the United States Postal Service, the wife in Waterbury and the husband in Meriden. At the time of trial, the plaintiff had worked for the postal service for 2-3/4 years and was earning $612 CT Page 10197 per week. The defendant had worked for Risdon part-time from 10 p.m. to 1 a.m. and then worked part-time at the post office from 1:30 a.m. to 6 a.m. While at Risdon, he injured his fingers and brought a workers' compensation claim. He left Risdon and obtained additional work at the post office in June 1999. He now works 32-40 hours per week as a part-time flex worker, filling in for other workers on their days off from work. He earns on average $571 per week.
The parties' marital life has been touched by tragedy and difficulty. Their son is mentally retarded and enrolled in special education classes where he is doing well.
The parties own marital property at 23 Sarsfield Street, Waterbury. Its fair market value is $60,000. The first mortgage balance is $58,000. When they purchased it in 1993, they borrowed $2000 from the plaintiff's mother who expects to be repaid. They have no equity in the property. They took out a second mortgage in 1994 in the approximate amount of $19,000 to pay medical bills of their minor child. The monthly payment on the first mortgage and taxes is $587 and the second mortgage payment is $346.24 for a total monthly mortgage payment of $933.24. The house is listed for sale but there have been no offers. At the time of trial, the parties were threatened with foreclosure. The plaintiff would like to retain ownership of the house and be responsible for the first mortgage and receive contribution from the defendant for one-half the second mortgage in order to maintain a permanent home for the children.
The parties also own a time share in Rhode Island valued at $7000. At present they owe approximately $12,000 and neither wished to continue to own it. The parties' financial plight is made more precarious by a $10,000 credit union loan on which they are both liable. The loan is being repaid by an automatic deduction from the plaintiff's wages.
When the defendant vacated the marital premises in June 1999, he stopped paying bills and the plaintiff borrowed $1000 from the credit union to make payments. On June 15, 1999, the defendant was ordered to pay the sum of $132 per week in child support. In addition, he was ordered to pay $120 per week as child care, which represented one-third the child care costs. This payment was to be recognized as alimony. The court's order also provided that the house be listed for sale and that the defendant immediately pay $250 to restore electrical power to the residence.
Since that date, the defendant has paid the sum of $202 per week refusing to pay the remaining funds claiming that he did not understand the order and that he had not agreed to it. Therefore, as of the trial date, he was in arrears in the amount of $2250. The court has taken CT Page 10198 judicial notice of an excerpt of the hearing at which the issue was argued to the court. The transcript belies the defendant's claim that he did not understand the order.
Furthermore, the defendant cashed in his IRA on April 11, 1999, three days after being served with the writ in this action and in violation of the automatic orders. He received, after payment of taxes, $5,034.06. The plaintiff had a one-half equitable interest in that marital asset and was unaware that the defendant had withdrawn it.
The parties' have shared joint custody of the minor children while the children reside with the plaintiff. Visitation has created problems. The court order of July 26, 1999 provided that the defendant have visitation on two successive weekends, the plaintiff, the third weekend and that the defendant be personally present with the children during visitation. This provision arose because of the wife's concern that the defendant employed a babysitter on Saturdays while he worked and because he lived in a residence of friends who had other children. The plaintiff also works on Saturday. The defendant now lives in his own apartment. At trial he agreed to have visitation on Saturday and pay for child care on that day because he must work.
The plaintiff seeks alimony which the defendant does not wish to pay because he is trying to "make a life for himself."
The court has considered all the claims of the parties. Accordingly, the following orders shall enter.
1. Dissolution: The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
2. Custody: The parties shall share joint custody of the minor children. The children shall reside with the plaintiff. The father shall have reasonable, liberal and flexible visitation including but not limited to Saturday from 7 a.m. to Sunday at 7 p.m. on two successive weekends and the mother the third weekend. He shall pay for adequate and appropriate care for the children when he works on Saturday and he shall be with the children when he is not working. He shall also have Father's Day even though it may fall on the plaintiff's visitation time, and he shall allow the children to be with the plaintiff on Mother's Day if it falls on his visitation time. The parties shall share holidays so that the children's best interests will be paramount and any traditions the family had when it was intact can be continued to the extent possible. In the event they are unable to come to any agreement, they shall first attempt to mediate the issue with the Family Relations Office. If they cannot come to an agreement, they shall file the appropriate motions to CT Page 10199 the court for resolution of the dispute.
3. Child Support: The defendant shall pay child support for Alphonso so long as he resides with the plaintiff and is principally dependent upon her for maintenance until he attains the age of twenty-one pursuant to Connecticut General Statutes § 46b-84 (c). Such child support is not governed by the child support guidelines. Thereafter, he shall pay child support for the younger child in conformity with the then-existing child support guidelines. He shall pay child support in the amount of $185 per week by immediate wage execution. Until the wage execution becomes effective, he is to pay the plaintiff directly. That amount includes contribution to child care expenses in the amount of $50 per week.
4. Medical Insurance: The defendant shall maintain medical insurance for the minor children. The parties shall share equally in the unreimbursed medical and dental expenses for the minor children including orthodontic, psychological and psychiatric services and prescription medications.
5. Alimony: The defendant shall pay the sum of $75 per week as alimony for 3 years from the date of this judgment, the plaintiff's death or remarriage. Thereafter, he shall pay $92 per week as alimony for 2 years unless the plaintiff dies or remarries. At the end of that period, he shall pay $1 per year for 5 years modifiable only in the event the defendant fails to pay the debts for which he is liable and on which he is to hold the plaintiff harmless and indemnified pursuant to this judgment.
6. Tax Dependency: The defendant shall claim the older child as a dependent for income tax purposes, and the plaintiff the younger child.
7. Real Property: The plaintiff shall transfer her interest in the time share to the defendant. He shall be responsible for paying the debts and expenses and hold her harmless thereon.
The defendant shall quitclaim his interest in the marital home to the plaintiff. She shall be responsible for the mortgages, taxes and insurance upon the property. In the event the property is foreclosed within one year following the entry of this judgment, the parties shall be equally liable for any mortgage deficiency to take into consideration the defendant's failure to comply with court orders and with the automatic orders.
8. Personal Property: The parties shall divide their furnishings and personal property to their mutual satisfaction. The plaintiff shall retain her interest in her bank account and 401K plan. The defendant shall retain his interest in his bank account. CT Page 10200
9. Workers' Compensation Award: In the event the defendant receives an award as a result of his Workers Compensation claim, he shall place one-half the award in trust for the children. He shall send evidence of the existence of such trust to the plaintiff each year on September 1. The funds can be withdrawn only for expenses related to the health, education or welfare of the children and only with the written consent of the plaintiff.
10. Arrearages: In the event the defendant has continued to accrue an arrearage in pendente lite support and alimony since the date of trial, he shall pay that arrearage in the amount of $10 per week until it is paid in full.
11. Liabilities: The plaintiff shall be responsible for paying the sewer lien, the credit union loan and her automobile loan. She shall hold the defendant harmless and indemnified thereon. The defendant shall pay his automobile loan and the Service Merchandise bill.
12. Life Insurance: The defendant shall maintain life insurance in the amount of $10,000 until his obligation to pay child support and alimony terminates.
Judgment shall enter accordingly.
SANDRA VILARDI LEHENY, J.